UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHADD WILLIAMS,

                       Plaintiff,

      -against-                            **REPORT AND RECOMMENDATION**
                                                                2:17-CV-4689-MKB-SJB

NASSAU COUNTY CORRECTIONAL CENTER,
SHERIFF SPOSATO,

                       Defendants.
------------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

       Plaintiff Chadd Williams ("Williams"), proceeding *pro se* and *in forma pauperis*, brought this action against the Nassau County Correctional Center and Sheriff Michael Sposato (collectively, "Defendants") on August 8, 2017 alleging violations of 42 U.S.C § 1983 ("§ 1983").  (Compl. dated Aug. 8, 2017, Dkt. No. 1).  Since that time, Williams has ignored several Court Orders by failing to appear at two conferences and file letters with the Court, (Scheduling Order dated Mar. 19, 2019 ("Mar. 19 Order"); Order dated Apr. 8, 2019 ("Apr. 8 Order"); Order dated May 13, 2019 ("May 13 Order"); Order dated June 20, 2019 ("June 20 Order")), despite receiving warnings that failure to do so would result in sanctions and dismissal of his case, (*see* Apr. 8 Order; Scheduling Order dated Apr. 8, 2019 ("Apr. 8 Scheduling Order"); May 13 Order; June 20 Order).  For the reasons described below, the Court recommends dismissing Williams's claims with prejudice under Rules 37 and 41.

                      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

       Williams commenced this suit on August 8, 2017, alleging violations of § 1983 by Defendants.  According to Williams, he was cleaning his cell one day at the Nassau

County Correctional Center when he was attacked by several inmates. (Compl. at 4). When he screamed for help, however, the dorm officer was not at his post. (*Id.*). The inmates continued to beat him, causing Williams to fall unconscious and sustain several injuries. (*Id.*). Williams alleged that Sheriff Sposato failed to enforce a rule requiring corrections officers to remain at their post. (*Id.*).

The case proceeded to discovery and the Court set the deadline for completion of all discovery for March 26, 2018. (Scheduling Order dated Sept. 22, 2017, Dkt. No. 10). However, as of October 30, 2018, Plaintiff had not served any discovery requests on Defendants. (Letter Providing Status on Discovery dated Oct. 30, 2018 ("Oct. 30 Letter"), Dkt. No. 17). As a result, the Court extended the deadline to complete discovery until May 10, 2019. (Scheduling Order dated Nov. 5, 2018, Dkt. No. 18). The Court requested another status update from Defendants on March 11, 2019, (Status Report Order dated Mar. 11, 2019), and Defendants reported on March 15, 2019 that as of that date, the parties had not conducted any discovery, (Status Report dated Mar. 15, 2019, Dkt. No. 21).

The Court directed the Parties to appear at a status conference to be held on April 8, 2019, (Mar. 19 Order), and mailed a copy of the Scheduling Order to Williams (Entry dated Mar. 20, 2019 ("Mar. 20 Entry")). However, Plaintiff failed to appear. (Apr. 8 Order).[1] As a result, the Court ordered Plaintiff to explain, in writing, why he failed to appear by April 29, 2019 and warned that failure to provide an explanation may result in his case being "dismissed for failure to abide by a Court Order pursuant to Rules 16 and 37." (*Id.*). A copy of this order was mailed to Williams (Entry dated Apr. 9, 2019 ("Apr.

---

[1] The address Williams provided to the Court indicates he was no longer incarcerated.

2

9 Entry")).[2] Williams did not comply. The Court scheduled another status conference for June 20, 2019 and warned again that failure to appear may result in dismissal of his case. (May 13 Order). This order was also mailed to Williams. (Entry dated May 13, 2019 ("May 13 Entry")). On June 20, 2019, however, Plaintiff did not show, and did not provide any reason for his failure to attend. (June 20 Order). The Court gave Williams one final opportunity to explain his failure to appear and directed him to submit a letter to the Court by July 18, 2019 explaining his reason for failing to appear. (*Id.*). The Court warned again that "failure to respond to this Order will result in a report and recommendation recommending dismissal of the case with prejudice pursuant to Rules 16, 37, and/or 41." (*Id.*). This Order was served on Plaintiff by mail. (Entry dated June 21, 2019 ("June 21 Entry")). As of the date of this Report and Recommendation, Plaintiff has failed to provide any letter evincing an intent to prosecute the case or explaining his failure to appear or provide Court-directed letters, and no attorney has appeared on his behalf.

## DISCUSSION

I. <u>Dismissal with Prejudice under Rules 16(f) and 37(b)</u>

"A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant . . . for disobeying the court's orders[.]" *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002). "The imposition of sanctions . . . is a matter committed to the sound discretion of the District Court." *Neufeld v. Neufeld*, 172 F.R.D. 115, 118 (S.D.N.Y. 1997). The purpose of such sanctions, including dismissal, is "not

---

[2] Although the docket reflects that the "scheduling order" was mailed to Plaintiff, the Court's practice is to mail the entire docket sheet, which reflects all orders issued in the case to-date, to *pro se* parties.

merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49–50 (2d Cir. 1994) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). The Court recommends dismissing Plaintiff's claims with prejudice because he has repeatedly failed to appear at pretrial conferences and failed to comply with multiple Court orders.

A court may sanction a party for failing to appear—either at a court conference or as the Court directs. Rule 16(f)(1)(A) of the Federal Rules of Civil Procedure provides that a "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A). A court also has the ability to sanction a party for failing to abide by any of its orders. Fed. R. Civ. P. 16(f)(1)(C) (permitting sanctions where party "fails to obey a scheduling or other pretrial order."); *Martin v. Giordano*, 185 F. Supp. 3d 339, 354 (E.D.N.Y. 2016) ("When a party or its attorney engages in conduct proscribed by Rule 16(f), the court may issue any just orders." (quotations omitted)); *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 35 (S.D.N.Y. 2014) ("Rule 37(b)(2)(A)(ii)–(vii), which Rule 16(f) references, sets forth a non-exclusive list of sanctions a court may impose against a party for failing to comply with a court order[,]" including dismissal.). "The court need not find that a party or litigant acted in bad faith as a prerequisite to imposing sanctions under Rule 16(f); [r]ather, the fact that a party violated a pretrial order is sufficient to allow a Rule 16 sanction." *Giordano*, 185 F. Supp. 3d at 354 (quotations omitted).

Here, Plaintiff failed to appear at two pretrial conferences and failed to obey four Court orders. First, he failed to appear at the April 8, 2019 status conference, despite being served with notice of the conference (Mar. 20 Entry), and thereby missed a conference and disobeyed the Court's Order to appear. (*See* Apr. 8 Order; Mar. 19 Order). Plaintiff then failed to appear at the hearing on June 20, 2019, despite being served with notice of the conference (May 13 Entry), thereby missing a second conference and disobeying a second Court Order. (*See* May 13 Order; June 20 Order). Plaintiff also failed to file a letter with the Court by April 29, 2019 explaining his first non-appearance. (*See* Apr. 8 Order). Finally, Plaintiff failed to file a letter explaining his non-appearance at the June 20, 2019 conference. (June 20 Order). These repeated failures warrant sanctions under both Rule 16(f)(1)(A) (failure to appear at a scheduling or other pretrial conference) and 16(f)(1)(C) (failure to obey a scheduling or other pretrial order). *See, e.g.*, *Johnson v. New York City*, No. 14-CV-4278, 2015 WL 12999661, at *1 (E.D.N.Y. Jan. 12, 2015) (recommending dismissal under Rules 16(f) and 37(b)(2)(A)(v) for failure to appear at two Court-ordered conferences), *report and recommendation adopted*, 2015 WL 12990999 (Feb. 2, 2015), *aff'd*, 646 F. App'x 106 (2d Cir. 2016).

The sanctions for such misconduct—whether it be a failure to appear or abide by a court order—include dismissal. *See* Fed. R. Civ. P. 16(f) (adopting the sanctions authorized by Rule 37(b)(2)(A)(v)); *see* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery."); *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (collecting cases) ("[T]he standards to be applied in imposing sanctions under Rule 16 are identical to the familiar standards contained in Rule 37.").

Such a dismissal may be with prejudice. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions, including *dismissal with prejudice*." (citations and quotations omitted) (emphasis added)).[3] "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Id.* (quotations omitted).

The Court considers several factors in determining whether to impose a sanction of dismissal with prejudice: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (quotations omitted); *accord S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). "[T]hese factors are not exclusive, and they need not each be resolved against" the non-compliant party for dismissal to be appropriate. *S. New England Tel. Co.*, 624 F.3d at 144. Ultimately, the Court must conclude under all of the circumstances whether dismissal would be "just." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). "[T]he district court 'is free to consider the full record in the case'" in making this

---

[3] *Pro se* litigants are afforded leeway when it comes to sanctions; however, "[t]he sanction of dismissal 'may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal.'" *Johnson*, 2015 WL 12999661, at *1 (quoting *Valentine*, 29 F.3d at 49); *see Agiwal*, 555 F.3d at 302 ("*Pro se* litigants, though generally entitled to special solicitude before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders." (citations and quotations omitted)). Despite his status as a noncompliant *pro se* litigant, Williams's claims should still be dismissed because he has not given this Court any indication that he intends to cure his failures to obey court orders or prosecute his case.

determination. *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 308 F.R.D. 113, 120 (S.D.N.Y. 2015) (quoting *S. New England Tel. Co.*, 624 F.3d at 144). The balance of factors here justifies the dismissal with prejudice of Plaintiff's claims.

A. <u>Willfulness</u>

Noncompliance is willful where the party has received notice of a court's orders and repeatedly fails to comply. *See Coach Inc. v. O'Brien*, No. 10-CV-6071, 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011) ("The Court deems the noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply."), *report and recommendation adopted and modified on other grounds*, 2012 WL 1255276 (Apr. 13, 2012). "[T]his factor as formulated by the Second Circuit is not just willfulness, but the willfulness of the non-compliant party *or the reason for non-compliance. . . .* [T]he Second Circuit's inclusion of the latter phrase recognizes that dismissal may be warranted even in the absence of such open defiance." *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642, 2019 WL 360099, at *5 (E.D.N.Y. Jan. 11, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 356939 (Jan. 29, 2019).

Plaintiff failed to comply with four Court orders and failed to appear at two conferences. (*See* Mar. 19 Order; Apr. 8 Order; May 13 Order; June 20 Order). Plaintiff was served with copies of the Court's orders. (June 21 Entry; May 13 Entry; Apr. 9 Entry; Mar. 20 Entry). As such, he was aware of the obligations to comply, and his failure to do so is willful. *See, e.g.*, *Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3193, 2018 WL 3104456, at *8 (E.D.N.Y. May 16, 2018) ("Having received these multiple notices, Rosemarie Lopa had other options besides appearing or responding as directed. She could have written to the Court seeking an adjournment or extension of

7

time to respond; or retained counsel, as she had previously done, to appear or respond on her behalf. Having done none of these things and having failed to appear or respond personally, the only conclusion to be drawn is that her disregard of the Court's orders was willful."), *report and recommendation adopted*, 2018 WL 3019875 (June 18, 2018) and 2018 WL 3094940 (June 22, 2018); *Coach Inc.*, 2011 WL 6122265, at *3 ("The Court deems noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply.").

      B.      <u>Efficacy of Lesser Sanctions</u>

A sanction other than dismissal would not be effective in this case. When it is apparent a plaintiff has abandoned the action, "[t]he Court need not afford [him] unlimited opportunities to appear," and "[n]o lesser sanction than dismissal is appropriate under these circumstances." *Bey v. Gursky*, No. 17-CV-6447, 2018 WL 1611665, at *2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377 (Apr. 3, 2018).

The record suggests no reason to believe that a lesser sanction, such as a monetary fine or a sanction short of dismissal, would encourage Plaintiff to reengage in this litigation, especially given the repeated failure to abide by prior Court orders warning that his case could be dismissed should he fail to appear. At this point, given the multiple opportunities afforded to Plaintiff to participate in the case, the Court has no reason to believe any sanction other than dismissal is appropriate. *See, e.g.*, *Adams v. City of New York*, No. 17-CV-1465, 2018 WL 1157976, at *3 (S.D.N.Y. Mar. 2, 2018) ("The Court has considered whether a lesser sanction is appropriate, and concludes—in light of Mr. Adams' demonstrated disinterest in prosecuting this case and the time he has wasted of both the defendants and the Court—that it is not."); *Dungan v. Donahue*,

No. 12-CV-5139, 2014 WL 2941240, at *4 (E.D.N.Y. June 30, 2014) (adopting report and recommendation) ("[I]n light of plaintiff's ongoing unresponsiveness to the Court, no sanctions other than dismissal would be effective. The record presents no reason to believe that a monetary fine or other sanction short of dismissal would inspire in plaintiff the dedication to this litigation that he currently lacks[.] . . . This case therefore presents an example of extreme circumstances warranting the harsh remedy of dismissal[.]"); *Gordon v. Peralta*, No. 10-CV-5148, 2012 WL 2530578, at *2 (E.D.N.Y. June 11, 2012) ("[T]he Court has tried the lesser sanction of . . . warning [plaintiff] of possible dismissal to no avail. Requiring defendant's counsel to appear again or imposing lesser sanctions on plaintiff would be futile at this juncture." (citations and quotations omitted)), *report and recommendation adopted*, 2012 WL 2530106 (June 29, 2012).

    C.    <u>Duration</u>

The duration of Plaintiff's noncompliance warrants dismissal. "[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions." *Local Union No. 40 of the Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Car-Win Constr.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (collecting cases) (adopting report and recommendation). "[P]eriods of six months or more weigh even more heavily toward such remedies." *Id.* at 266 (collecting cases).

Plaintiff has failed to comply with the Court's orders since April 8, 2019, beginning with his failure to appear for a status conference. (Mar. 19 Order; Apr. 8 Order). This order was issued more than eight months ago. This extended period of non-compliance is sufficient to warrant dismissal. *See, e.g.*, *Agiwal*, 555 F.3d at 303 (affirming dismissal sanction where disregard of magistrate judge's orders spanned

9

approximately six months); *Rodriguez v. Oak Room*, No. 12-CV-2921, 2012 WL 5305551, at *2 (S.D.N.Y. Oct. 23, 2012) (dismissing after period of non-compliance of "more than five months").

D. Notice

Plaintiff has received sufficient notice to justify dismissal of his claims. "[T]he Second Circuit has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility." *Local Union No. 40*, 88 F. Supp. 3d at 266 (quotations omitted). Plaintiff was warned four times that failure to appear or comply with Court orders may result in dismissal of his claims. (*See* June 20 Order ("Failure to respond to this Order will result in a report and recommendation recommending dismissal of the case with prejudice pursuant to Rules 16, 37, and/or 41."); May 13 Order ("If he fails to appear, his case may be dismissed for failure to abide by a Court Order pursuant to Rules 16 and 37."); Apr. 8 Scheduling Order (same); Apr. 8 Order ("Should he fail to provide an explanation, his case may be dismissed for failure to abide by a Court Order pursuant to Rules 16 and 37.")). These orders were served on Plaintiff. (*See* June 21 Entry; May 13 Entry; Apr. 9 Entry; Mar. 20 Entry).

This notice is sufficient to permit dismissal.[4] *See, e.g.*, *Cadet v. ADP, Inc.*, No. 11-CV-3240, 2013 WL 6058918, at *8 (E.D.N.Y. Nov. 14, 2013) (adopting report and recommendation) ("Plaintiff has been explicitly warned . . . that his case would be

---

[4] That Williams may have moved, without providing any forwarding address or means of contact, does not entitle him to continue with his case. What is more, only one of the Court's orders was returned undeliverable. (May 13 Order). Regardless, "[i]t is plaintiff's obligation to notify the Court of any change in address." *Gordon*, 2012 WL 2530578, at *2; *see, e.g.*, *Islam v. Athlete's Needs, Inc.*, No. 18-CV-1562, 2018 WL 5781228, at *1 (E.D.N.Y. Sept. 5, 2018) (finding the warning adequate to justify dismissal when order was sent to plaintiff and never returned as undelivered), *report and recommendation adopted*, 2018 WL 5777020 (Nov. 1, 2018).

dismissed if he failed to appear for court conferences."); *Martin v. Metro. Museum of Art*, 158 F.R.D. 289, 292–93 (S.D.N.Y. 1994) (adopting report and recommendation) (finding it "clear," after one warning by the court, that "plaintiff received adequate notice that his failure [to comply with a court order] would result in dismissal").

All four factors discussed above, therefore, warrant dismissal with prejudice of Plaintiff's claims, pursuant to Rule 37(b)(2)(A)(v), for his violations of Rule 16(f)(1)(A) and Rule 16(f)(1)(C).

II.  Dismissal with Prejudice for Failure to Prosecute

There is a separate basis to dismiss Plaintiff's claims—the failure to prosecute the case against Defendants. Courts have the authority to dismiss an action *sua sponte* for failure to prosecute. *Jin Fang Luo*, 2019 WL 360099, at *2. This power arises from both the court's inherent authority and Rule 41(b) of the Federal Rules of Civil Procedure. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *Wan v. U.S. Postal Serv.*, No. 17-CV-1560, 2018 WL 1785485, at *2 (E.D.N.Y. Apr. 13, 2018) ("[A]lthough Rule 41(b) 'explicitly sanction[s]' the court's authority to dismiss an action for failure to prosecute, the power to so dismiss an action 'has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009)). "A dismissal for failure to prosecute is committed to the court's sound discretion," and such

11

a dismissal may be with prejudice. *Jin Fang Luo*, 2019 WL 360099, at *2; *see*, *e.g.*, *Kaur v. Royal Arcadia Palace, Inc.*, No. 05-CV-4725, 2007 WL 4276837, at *3 (E.D.N.Y. Nov. 30, 2007) (adopting report and recommendation) (dismissing plaintiff's claims with prejudice under Rule 41(b)).

Courts in this Circuit consider five factors when deciding whether to grant a defendant's motion to dismiss under Rule 41(b), and these factors are equally applicable to a *sua sponte* dismissal:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jin Fang Luo*, 2019 WL 360099, at *2 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *see also Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3324, 2018 WL 3019875, at *1 (E.D.N.Y. June 18, 2018) (adopting report and recommendation). These factors overlap with many of the factors under a Rule 37(b) dismissal. "Because of the substantial overlap between the factors commonly used to decide whether to dismiss an action under Rule 41(b) and under Rule 37(b)(2)(A), [there is] no need to repeat [the] discussion of redundant factors in detail." *Dungan*, 2014 WL 2941240, at *6. The Court therefore proceeds to discuss only the third and fourth factors in this analysis. *See Lopa*, 2018 WL 3019875, at *2 (dismissing claims under Rules 16(f) and 37 and then only addressing the third and fourth factors of the Rule 41 failure to prosecute analysis).[5]

---

[5] In the context of a dismissal for failure to prosecute, notice of court orders to plaintiff's last known address is sufficient. *See, e.g.*, *Hibbert v. Apfel*, No. 99-CV-4246,

As to the third factor—prejudice to defendants—courts have found dismissal to be appropriate "when a party has become inaccessible, as inaccessibility strongly suggests that [plaintiff] is not diligently pursuing [his] claim." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (quotations omitted). "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Id.*; *see, e.g.*, *Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[T]he very fact that Dong has been inaccessible for the last two months—without notifying the Court, the Government, or the Pro Se Office of a change of address—strongly suggests that he is not diligently pursuing this claim. Dong's totally unexplained disappearance is manifestly unreasonable and therefore presumptively prejudices the Government." (citations omitted)).

Williams's repeated failure to attend hearings and failure to comply with Court orders has clearly prejudiced Defendants. Defendants have been under the spectre of liability for over two years, a period in which the entire discovery period has elapsed without Plaintiff taking a single step, beyond his initial filing of the Complaint, to advance the litigation. Evidence is likely stale, and Defendants have had no ability—because of Plaintiff's prolonged absence—of deposing Plaintiff or otherwise challenging his allegations. At this point, the prejudice from the pending, but still nascent, litigation is substantial and justifies dismissal. *See, e.g.*, *Lopa*, 2018 WL 3019875, at *2

---

2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) ("[T]he Court attempted to notify plaintiff of the potential dismissal of her case via its May 9 Order, which was returned to sender. Regardless of whether plaintiff actually received notice that further delays would result in dismissal, it remained her duty to [prosecute her] case diligently. It is also plaintiff's obligation to inform this Court's Pro Se office of any change of address. Plaintiff's inaccessibility for over six months is anything but diligent prosecution of her case and she has not notified the Pro Se office of any change of address." (quotations and citations omitted)).

("Defendants' inability to collect information that would enable them to determine the viability of potential defenses and/or arrive at a view as to their potential exposure would certainly prejudice them."); *Schwed v. Gen. Elec. Co.*, 193 F.R.D. 70, 72 (N.D.N.Y. 2000) ("Because plaintiffs' chronic inaction has interfered with defendant's attempt to prepare its case, and because further delay will exacerbate these hardships, the Court concludes that defendant will indeed be prejudiced by further delay.").

As to the fourth factor—balance of interests—the Court must consider a plaintiff's due process interests against its own interest in managing the docket. "In deciding this factor, the Court must strike a 'balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard.' The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed." *Langdell v. Hofmann*, No. 05-CV-174, 2006 WL 3813599, at *4 (D. Vt. Dec. 27, 2006) (quoting *Drake*, 375 F.3d at 257) (citations omitted). The Court has repeatedly invested its time addressing Plaintiff's failures and has given him several opportunities to pursue his claims. The extended course of conduct—or the lack thereof—in prosecuting the case therefore weighs in favor of dismissal. *See, e.g.*, *Dungan*, 2014 WL 2941240, at *6 ("[B]alancing the Court's interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard militates in favor of dismissal. It is not the duty of the Court . . . to contact plaintiffs and to urge or require them to prosecute this action. By abandoning any effort to prosecute his case, plaintiff has demonstrated that he has no interest in being heard." (citations and quotations omitted)); *see also Langdell*, 2006 WL 3813599, at *5 ("Langdell's failure to comply with the discovery process and the Court's order on the motion to compel diminishes his right to have his claim heard by the Court. Because Langdell has made

no effort over the last year to prosecute his case, it is unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." (citations omitted)).

Therefore, in addition to dismissal under Rules 16(f) and 37(b)(2)(A)(v), the Court recommends that Plaintiff's claims be dismissed with prejudice for failure to prosecute.

## CONCLUSION

For the reasons stated above, the Court respectfully recommends that Williams's claims be dismissed with prejudice for failure to abide by Court orders and failure to prosecute.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.").

Defendants shall serve a copy of this Report and Recommendation on Williams at his last known address, and to any other electronic contact information known to them, and file proof of such service in the record within 14 days of the date of this Order.

SO ORDERED.

*/s/ Sanket J. Bulsara* Nov. 22, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

15